IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICA HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-2021-128-R |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, Portfolio Recovery Associates ("Defendant") responds to Plaintiff's Motion to Compel (the "Motion") (Dkt. No. 26). Defendant believed an agreement had been reached regarding the production of the discovery responses. Defendant did not act in bad faith or with the intention to deprive Plaintiff of the discovery responses. For the reasons set forth herein, Defendant requests that the motion to compel be denied.

**RELEVANT PROCEDURAL HISTORY**

1.  On August 3, 2021, Defendant submitted its initial disclosures to Plaintiff. (Ex. 1, E-mail regarding initial disclosures).

2.  On September 9, 2021, Plaintiff advised Defendant new counsel would be entering an appearance on her behalf. (Ex. 2, E-mail regarding representation). On October 11, 2021, Plaintiff's current counsel entered its appearance. (Dkt. No. 13).

3.  During a telephone conference, Plaintiff and Defendant initially reached an

1

agreement for Defendant to respond to discovery on or about December 29, 2021. Plaintiff agreed to and did send proposed language concerning a protective order. (Ex. 3, E-mail regarding discovery matters).

4. After that agreement was reached, counsel for Defendant had a family medical emergency. Counsel discussed the need for an extension with Plaintiff's counsel and an agreement was reached to produce and respond on or about January 7, 2021.

5. On January 7, 2021, Plaintiff agreed to a week's extension for Defendant to respond.

6. Defendant transmitted a red-lined version of the protective order to Plaintiff on January 14, 2021. (Ex. 4, E-mail transmitting revised protective order). Plaintiff's counsel indicated he would review the document and get in touch with any concerns.

7. Plaintiff confirmed that she was agreeable to Defendant producing the discovery responses at one time. Defendant understood this to mean after the entry of the protective order, which Defendant had advised Plaintiff was needed for the protection of confidential business documents. Defendant believed Plaintiff agreed. (Ex. 5, E-mail confirming single production).

8. On January 25, 2021, Defendant followed up with Plaintiff regarding the proposed revisions to the protective order. Defendant resent Plaintiff its changes (which were previously sent to counsel on January 14) to the proposed protective order on January 28, 2022. Defendant did not receive a response to its inquiries regarding the protective order. (Ex. 6, E-mail following up on protective order).

9. On February 4, 2022, Defendant followed up with Plaintiff regarding this

matter and production of documents. (Ex. 7, E-mail following up on matter).

10. Plaintiff reached out to Plaintiff by e-mail. Defendant's counsel was away from the office and, despite best efforts, was unable to respond by the deadline set by Plaintiff.

11. The morning Plaintiff filed her Motion, Defendant reached out to Plaintiff regarding the apparent misunderstanding regarding the agreement to respond to discovery at one time. (Ex. 8, E-mail regarding agreement). The parties agreed to discuss the issue the next business day.

12. On February 21, 2022, the parties discussed the issue regarding the protective order. It was at that time that Defendant realized that Plaintiff did not have the same understanding regarding production.

13. On February 22, 2022, Plaintiff confirmed that she did not object to the proposed protective order.

14. A motion for protective order is being filed contemporaneously with this response.

## BRIEF IN SUPPORT

This is not a matter where a party is refusing to produce discovery. Rather, there was a misunderstanding regarding an agreement reached between counsel. Defendant, in good faith, believed an agreement had been reached to respond to discovery at one time.

After filing of the Motion and in the follow up call, it became apparent counsel did not have the same understanding. Defendant acted in good faith by following up with Plaintiff regarding the status of the protective order. No response was received from

3

Plaintiff regarding the proposed protective order until after the motion to compel had been filed.

Likewise, fees and costs should not be awarded in this case. As evidenced by counsel's communications, this was a misunderstanding regarding how production was to occur. Defendant will respond to the discovery.

WHEREFORE Defendant asks that the Motion be denied and it be given five days from entry of the protective order to produce its responses to the discovery.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeffrey Wilson – jeff@jwcreditlawyers.com

s/ Courtney D. Powell

OM 598253.1